## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER KELSON, AND** | § | |
| **DAKOTA KELSON, INDIVIDUALLY** | § | |
| **AND AS HEIRS OF** | § | |
| **HIRSCHELL FLETCHER, JR** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | |
| **CITY OF DALLAS, a Municipal** | § | |
| **Corporation, FIREFIGHTER KYLE** | § | |
| **FOSTER CLARK,** | § | |
| **FIREFIGHTER BRAD ALAN COX,** | § | |
| **and UNKNOWN POLICE** | § | |
| **OFFICERS JOHN and JANE DOES 1-100,** | § | |
| | § | |
| **Defendants** | § | **JURY TRIAL DEMANDED** |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

COMES NOW, Plaintiffs Christopher Kelson and Dakota Kelson, individually and as heirs of Hirschell Fletcher, Jr. ("Plaintiffs") files their Original Complaint against Defendants, City of Dallas, Firefighter paramedic Kyle Foster Clark (in his individual capacity), Firefighter paramedic Brad Alan Cox (in his individual capacity), and Unknown Polices Officers John and Jane Does 1-100 (in their individual capacity).

In support of her claims against each of the Defendants, Plaintiffs would respectfully show as follows:

## I. PARTIES

1.      Plaintiffs Christopher Kelson and Dakota Kelson bring individual and survival claims as heirs of their father, Hirschell Wayne Fletcher, Jr. No administration of Hirschell Wayne

Fletcher, Jr.'s estate is pending, and none is necessary.  Christopher Kelson is an induvial residing in Ohio.  Dakota Kelson is an individual residing in Ohio.

2.      Defendant City of Dallas is an incorporated city in the State of Texas and may be served with process by serving the city mayor, clerk, secretary, or treasurer, all of whom are located at Dallas City Hall 1500 Marilla Street, Dallas Texas 75201.

3.      On or before December 30, 2016, and at all relevant times, the Defendant, City of Dallas, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Dallas Police Department, and fire department, commonly referred to as the Dallas Fire Department.

4.      Defendant Kyle Foster Clark ("Clark") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas Fire Department. Defendant Clark may be served with process at his place of employment: Dallas Fire State No. 4 located at 816 South Akard Street, Dallas, Texas 75202, or other as he may be found within the jurisdiction of this Court.

5.      Defendant Brad Alan Cox ("Cox") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas Fire Department. Defendant Clark may be served with process at his place of employment: Dallas Fire State No. 4 located at 816 South Akard Street, Dallas, Texas 75202, or other as he may be found within the jurisdiction of this Court.

6.      Defendants John and Jane Does 1-100 ("Does 1-100") are adult individuals, upon information and belief, reside in the State of Texas and are (or were at the time in question) Dallas Police Officers employed by the Defendant City of Dallas.

## II. JURISDICTION & VENUE

7.     This is an action brought pursuant to 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution against Defendants, City of Dallas, Firefighter paramedic Kyle Clark (in his individual capacity), Firefighter paramedic Brad Cox (in his individual capacity), and Unknown Police Officers John and Jane Does 1-100 (in their individual capacity).

8.     This Court has personal jurisdiction over each of the Defendants and "federal question" subject matter jurisdiction of the claims and causes of action alleged herein under 28 U.S.C. § 1331.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because the defendants reside or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred in this District.

10.     All conditions precedent to the filing of this action have either been performed or waived.

### III. FACTS

11.     On and before December 30, 2016, and at all relevant times, when Defendants Clark, Cox, and Does 1-100 were engaging in the complained of conduct, they were acting under color of law, in the course of their employment as Dallas Police Officers and Dallas Firefighter Department paramedics, and pursuant to a policy, custom, and/or usage of the City of Dallas Police Department and Fire Department.

12.     On or about December 30, 2016, Hirschell Wayne Fletcher, Jr. ("Fletcher"), was a 46-year-old male diagnosed with a mental disability (schizophrenia). Fletcher also suffered from mytonic dystrophy, which caused a speech impediment.  Fletcher was a homeless resident of Dallas, Texas.

13.     On or about December 30, 2016, at approximately 5:30 p.m., Fletcher was outside a soup kitchen in located at 500 Park Avenue, Dallas, Texas. At this time, Fletcher was assaulted twice and robbed. After the first assault and robbery, Fletcher fled the scene but returned shortly thereafter where he was assaulted and punched in the head. The blow to the head caused Fletcher to fall and hit his head on a wall, causing severe injury.

14.     Bystanders flagged down Officer Hernandez, a Dallas Police Officer, who was driving by the scene shortly after the second assault. After speaking to Fletcher for a moment, Officer Hernandez called two other police officers as well as the Dallas Fire Department to the scene.

15.     Upon arriving at the scene, Defendants Clark and Cox, who are Dallas Fire Department paramedics, and two other Dallas Police officers (Defendants Does 1-100) approached Fletcher. At this time, Fletcher began making repeated statements to Defendants Clark, Cox and Officer Hernandez that he hurt his head and needed medical attention.  Blood from the beatings was patently visible on Fletcher's head.

16.     Due to Fletcher's homelessness and mental illness, Defendants Clark, Cox, and Does 1-100 assumed Fletcher to be drunk and began harassing and openly *laughing at* him as Fletcher sat on the sidewalk in pain. Defendants Clark and Cox continued this behavior for approximately 15 to 20 minutes. Defendants Cox and Clark had knowledge that someone who has suffered severe blunt force trauma to the head can have internal brain bleeding, which can cause death. Nevertheless, they decided to laugh at Fletcher because of the way he smelled instead of examining and treating him.  Defendant Does 1-100 stood by and did nothing to stop Defendants Clark's and Cox's behavior or encourage them to assess Fletcher and render medical care. Defendant Does 1-100 had the common medical knowledge that severe beatings, like the ones

suffered by Fletcher, can cause brain damage leading to death; however, they, too, decided to make fun of Fletcher instead of helping him or bringing him to the hospital.  This behavior was captured on Officer Hernandez's body camera.  Defendants Clark's, Cox's, and Does 1-100's acts and omissions show that they were deliberately indifferent to Fletcher's serious medical needs and withheld and/or delayed treatment, which ultimately resulted in Fletcher's death.

17.     In order to get Fletcher off the street because he was homeless and mentally ill, Fletcher was falsely arrested, cited for public intoxication, and taken by Officer Hernandez to The Dallas Marshal's Office & City Detention Center ("the Detention Facility") located at 1600 Chestnut Street, Dallas, Texas 75226.

18.     Officer Hernandez made no investigation to determine whether Fletcher was intoxicated before or after arresting and imprisoning Fletcher and thereafter charging him for public intoxication. Fletcher was arrested, imprisoned, and charged without any probable cause whatsoever solely because he was homeless and mentally ill.

19.     Upon information and belief, while in transit to the Detention Facility, Fletcher continued making statements that he hurt his head, showing that he needed medical care. Again, Fletcher's pleas were ignored.

20.     Fletcher arrived at the Detention Facility at around 8:00 p.m. on December 30, 2016. Defendants Does 1-100 booked Fletcher in the Detention Facility. Upon information and belief, Fletcher made repeated statements to Defendants Does 1-100 that he was hurt and required medical care while he was detained in the Detention Facility. Defendants Does 1-100 ignored Fletcher's pleas.

21.     Fletcher spent much of the time at the Detention Center lying unresponsive underneath a mattress in the cell.  Defendants Does 1-100 followed the Detention Facility's policy

and practice of merely walking by cells intermittently without actually checking on the physical condition of the detainees.  This policy and custom led to Defendant Does 1-100 not checking on Fletcher's condition despite his obvious state of distress, and, ultimately, his death.   Defendant Does 1-100 possessed the knowledge that many of their detainees may be in physical distress due to being involved in physical altercations (like Fletcher) or overuse of drugs and alcohol (unlike Fletcher) and that failing to frequently check on their physical condition can result in a detainee dying from injuries and/or drug and alcohol overdose.   Nevertheless, Defendant Does 1-100 carried out the custom of the Detention Center of, at best, only walking past cells intermittently without checking on the condition of the detainees, which allowed Fletcher's condition to worsen to the point of becoming brain dead while in the Detention Center. In other words, they were subjectively aware of the risk of death or serious harm to Fletcher but disregarded this risk.

23.     Fletcher was found unresponsive in his cell at the Detention Facility at 5 a.m. on December 31, 2016. Fletcher was rushed to the hospital. However, it was too late. Fletcher died shortly thereafter due to a slow brain bleed caused by his head injuries the day before. Because of Defendants' inaction, Fletcher's constitutional rights were violated, and as a result, it cost Fletcher his life.  Upon information and belief, at least one other detainee died under similar circumstances at the Detention Center in the three months prior to Fletcher's death.  The City of Dallas, therefore, knew of the risk of this policy or custom and allowed it to continue through the time of Fletcher's detainment. Defendant Does 1-100's acts and omissions at the Detention Center show that they were deliberately indifferent to Fletcher's serious medical needs and withheld and/or delayed treatment, which ultimately resulted in Fletcher's death.

24.     In order to cover up their egregious behavior, both Defendants Clark and Cox falsely stated on their report for the incident involving Fletcher that they never had any contact

with Fletcher on December 30, 2016. Defendants Clark and Cox have been indicted in Dallas County for falsifying their report stating Fletcher had been taken from the scene prior to their arrival.  Defendant Clark's and Defendant Cox's criminal cases are currently pending in Dallas County as case numbers M-18-04214 and M-18-04215, respectively.

## IV. COUNT 1 – VIOLATION OF 42 U.S.C. § 1983 – FALSE ARREST
### (Against Defendant Does 1-100)

25.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-four (1-24) as though fully pled and stated herein.

26.     This is an action for damages against Defendant Does 1-100 for the deprivation of Fletcher's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

27.     At all times relevant hereto, Defendant Does 1-100 were acting under the color of state law and pursuant to the policy, custom, and/or usage of the City of Dallas Police Department.

28.     Defendant Does 1-100, through the actions described above, deprived Fletcher of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable and unlawful seizures of his person.

29.     As a direct and proximate foreseeable result of the violations of Fletcher's constitutional rights, including the rights guaranteed to Fletcher by the Fourth and Fourteenth Amendments, and the misconduct of Defendant Does 1-100, as set forth above, Fletcher suffered injuries, including being falsely arrested, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of life.

30.     As a result of Fletcher's injuries, Plaintiff is entitled to recover all damages allowable for violation of 42 U.S.C. § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. § 1983.

## V. COUNT 2 – VIOLATION OF 42 U.S.C. § 1983 – DENIAL OF
## MEDICAL TREATMENT
### (Against Defendants Does 1-100)

31.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-four (1-24) as though fully pled and stated herein.

32.     This is an action for damages against Defendant Does 1-100 for the deprivation of Fletcher's Eighth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

33.     At all times relevant hereto, Defendant Does 1-100 were acting under the color of state law and pursuant to the policy, custom, and/or usage of the City of Dallas Police Department.

34.     Defendant Does 1-100, through the actions described above, deprived Fletcher of his rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments of the Constitution of the United States, including the right to adequate medical treatment. The denial of medical treatment by Defendant Does 1-100 is the result of deliberate indifference to Fletcher's serious medical need.

35.     As a direct and proximate foreseeable result of the violations of Fletcher's constitutional rights, including the rights guaranteed to Fletcher by Eighth and Fourteenth Amendments, and the misconduct of Defendant Does 1-100, as set forth above, Fletcher suffered injuries, including physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of life.

36.     As a result of Fletcher's injuries, Plaintiff is entitled to recover all damages allowable for violation of 42 U.S.C. § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. § 1983.

## VI. COUNT 3 – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO TREAT
### (Against Defendants Clark & Cox)

37.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-four (1-24) as though fully pled and stated herein.

38.     This is an action for damages against Defendants Clark and Cox for the deprivation of Fletcher's Fourteenth Amendment right in violation of 42 U.S.C. § 1983.

39.     At all times relevant hereto, Defendants Clark and Cox were acting under the color of state law and pursuant to the policy, custom, and/or usage of the City of Dallas Fire Department.

40.     Defendants Clark and Cox, through the actions described above, deprived Fletcher of his rights, privileges, and immunities secured by the Fourteenth Amendment of the Constitution of the United States, including the right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws guaranteed to Fletcher.

41.     Defendants Clark and Cox were trained to provide medical care, they had a duty to assess and render care to those in need, specifically Fletcher, and they breached that duty. As a result, Defendants Clark and Cox deprived Fletcher of his constitutional rights, which ultimately cost Fletcher his life. The aforementioned conduct and omissions were objectively unreasonable and were undertaken intentionally, willfully, with malice, and with reckless indifference to Fletcher's constitutional rights.

42.     As a direct and proximate foreseeable result of the violations of Fletcher's constitutional rights, including the rights guaranteed to Fletcher by the Fourteenth Amendments, and the misconduct of Defendants Clark and Cox, as set forth above, Fletcher suffered injuries, including physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of life.

43.     As a result of Fletcher's injuries, Plaintiff is entitled to recover all damages allowable for violation of 42 U.S.C. § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. § 1983.

## VII. COUNT 4 – VIOLATION OF 42 U.S.C. § 1983 – POLICY & CUSTOM
### (Against Defendant City of Dallas)

44.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-four (1-24) as though fully pled and stated herein.

45.     At all relevant times, the employees, agents, officers and/or firefighter paramedics of Defendant City of Dallas's Police Department and Fire Department, including Defendants Clark, Cox, and Does 1-100, were acting under the color of state law and were acting pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant City of Dallas Police Department and Fire Department.

46.     Upon information and belief, Defendant City of Dallas Police Department and Fire Department, including its agents, employees, officers, and/or firefighter paramedics, together with other City of Dallas policymakers and supervisors maintained, *inter alia*, the following unconstitutional customs, practices, and/or policies:

   a.     maintaining a policy of inaction and an attitude of indifference towards providing medical treatment for mentally ill persons ("MIPs") and homeless people in order to get them off the streets;

   b.     maintaining a policy of unreasonably searching, seizing, and arresting MIPs and homeless people in order to get them off the streets;

   c.     providing inadequate training regarding how to detain and treat MIPs and homeless persons;

d.      inadequately supervising, training, controlling, assigning, and disciplining City of Dallas Police Officers, Fire Department paramedics, and other personnel, including Defendants Clark, Cox, and Does 1-100, who Defendant City of Dallas knew or in the exercise of reasonable care should have known were committing such egregious acts;

47.     Defendant City of Dallas Police Department and Fire Department had actual and/or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having knowledge of the above, the Defendant City of Dallas condoned, tolerated and through its own actions or inactions thereby ratified such policies. Such Defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Fletcher.

48.     As a direct and proximate result of the Constitutional violations caused by the employees, agents, officers, and/or firefighter paramedics of the Defendant City of Dallas Police Department and Fire Department, and other policy makers, Fletcher suffered violations of his Constitutional rights guaranteed to him by the Fourth, Eighth, and Fourteenth Amendments, as well as other provisions, of the United States Constitution, and suffered severe physical and emotional injuries.

49.     Moreover, as a result of Defendants Clark, Cox, Does 1-100, and the City of Dallas Police Department and Fire Department, Fletcher suffered injuries and is entitled to recover all damages allowable for constitutional violations pursuant to 42 U.S.C. § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. § 1983.

## VIII. COUNT 5 – WRONGFUL DEATH
### (Against all Defendants)

50.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-four (1-24) as though fully pled and stated herein.

51.     Plaintiffs are the surviving children of decedent Hirschell Wayne Fletcher, Jr.

52.     As detailed in Counts 1-4 above, Hirschell Wayne Fletcher, Jr. died as a result of Defendants' wrongful conduct.  Hirschell Wayne Fletcher, Jr. would have been entitled to bring this action against Defendants if Hirschell Wayne Fletcher, Jr. had lived.

53.     Defendants' conduct that caused Hirschell Wayne Fletcher, Jr.'s death was a producing cause to the injuries to Plaintiffs. Plaintiffs suffered the loss of companionship and society sustained in the past and that in reasonable probability, will be sustained in the future; that is, the loss of positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs, in reasonable probability, would have received from Hirschell Wayne Fletcher, Jr. had he lived.

## IX. COUNT 6 – RECOVER EXEMPLARY DAMAGES
### (Against all Defendants)

54.     Because the actions and conduct of Defendants were taken with evil motive and intent to involve their reckless or callous disregard of, or indifference to, the rights and safety of Fletcher, others, and Fletcher's federally protected rights, Plaintiff is entitled to exemplary and punitive damages from Defendants on account of Defendants' violation and deprivation of Fletcher's constitutional and civil rights under color of law and in violation of 42 U.S.C. § 1983. Plaintiff requests that punitive and exemplary damages be imposed on each of the Defendants on account of such callous indifference to Fletcher's civil rights and their malicious conduct, actions, and omissions. Under the circumstances exemplary damages are appropriate because Defendants' conduct warrants punishment and deterrence.

## X. REQUEST & DEMAND FOR JURY TRIAL

55.     Plaintiffs hereby assert their rights to a jury trial under the Seventh Amendment of the United States Constitution and hereby requests and demand a trial by jury on all claims, causes of action, other issues, and matters to which they are entitled to a jury trial.

WHEREFORE, Plaintiffs  respectfully requests that this Court enter judgement against Defendants, awarding compensatory damages, special damages, economic damages, exemplary damages, attorney's fees, and all other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ *Stephen M. Spitzer*
STEPHEN M. SPITZER
LEAD COUNSEL
State Bar Card No. 18954850
sspitzer@rameyflock.com
Eric Kolder *(Pro Hac Vice forthcoming)*
State Bar No. 24083323
ekolder@rameyflock.com
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 404
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)