IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KELSON, DAKOTA KELSON, AND ESTATE OF HIRSHCELL FLETCHER, JR., <br> Plaintiffs, | § § § § § | |
| V. | § | CIVIL ACTION NO. 3:18-CV-3308-L |
| CITY OF DALLAS, FIREFIGHTER KYLE FOSTER CLARK, FIREFIGHTER BRAD ALAN COX, AND UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, <br> Defendants. | § § § § § § | |

## DEFENDANT FIREFIGHTER BRAD ALAN COX'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

Defendant Firefighter Brad Alan Cox ("Cox"), files his answer in response to Plaintiffs' First Amended Complaint ("Complaint") (Doc. 5).

### I. ANSWER

1. The first unnumbered paragraph of Plaintiffs' Complaint does not state facts to which an answer is required. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 1 of the Complaint.

2. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 2 of the Complaint.

3. Cox admits the allegations pled in paragraph number 3 of the Complaint.

4. Cox admits the allegations pled in the first sentence of paragraph number 4 of the Complaint. Cox denies the remaining allegations in this paragraph.

5.      Cox admits the allegations pled in the first sentence of paragraph number 5 of the Complaint. Cox denies the remaining allegations in this paragraph.

6.      Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 6 of the Complaint.

7.      Paragraph number 7 does not plead matters that require an answer. To the extent that an answer is nonetheless required, Cox denies that he violated any of Plaintiffs' rights or is otherwise liable to Plaintiffs.

8.      Cox is not required to admit or deny a legal conclusion, however, Cox states that he does not contest the Court's personal jurisdiction or "federal question" subject matter jurisdiction over this matter as alleged in paragraph number 8 of the Complaint.

9.      Cox is not required to admit or deny a legal conclusion, however, Cox states that he does not contest venue in this district, as alleged in paragraph number 9 of the Complaint.

10.     In answer to the allegations pled in paragraph number 10 of the Complaint, Cox lacks knowledge or information sufficient to form a belief about whether all conditions have occurred.

11.     Cox denies the allegations pled in paragraph number 11 of Plaintiffs' Complaint, as Cox did not engage in the complained of conduct alleged by Plaintiff in the Complaint.

12.     Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 12 of the Complaint.

13.     Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 13 of the Complaint.

14.     Cox denies the allegations pled in paragraph number 14 of Plaintiffs' Complaint, as he is not aware of an Officer Hernandez being present at the scene.

15. Cox denies the bulk of the allegations pled in paragraph number 15 of Plaintiffs' Complaint, admitting only that he approached Fletcher.

16. Cox denies the allegations pled in the first two sentences of paragraph number 16 of Plaintiffs' Complaint. Cox admits the allegations pled in the third sentence of paragraph number 16. Cox denies the remaining allegations pled in the remaining sentences of paragraph 16 of Plaintiff's Complaint, admitting only that he approached Fletcher.

17. Cox denies the allegations pled in paragraph number 17 of Plaintiffs' Complaint.

18. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 18 of the Complaint, other than to state that he is not aware of an Officer Hernandez being present at the scene.

19. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 19 of the Complaint.

20. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 20 of the Complaint.

21. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 21 of the Complaint.

22. [This numbered paragraph does not exist in Plaintiffs' Complaint].

23. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 23 of the Complaint.

24. Cox denies the allegations pled in the first sentence of paragraph number 24 of the Complaint. Cox denies the allegations pled in the second sentence of paragraph number 24 of the Complaint, as stated, admitting only that he has been indicted. Cox admits the allegations pled in the third sentence of paragraph 24.

25. Complaint paragraph number 25 merely incorporates by reference all other paragraphs of the Complaint. Therefore, Cox incorporates by reference his answers to those paragraphs as set forth above and below.

26. The allegations in this, Count 1 of Plaintiffs' Complaint, are not asserted against Cox, however Cox denies that Plaintiffs are entitled to any relief, whatsoever.

27. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 27 of the Complaint.

28. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 28 of the Complaint.

29. Cox denies the allegations pled in paragraph 29 of the Complaint.

30. Cox denies the allegations pled in paragraph 30 of the Complaint.

31. Complaint paragraph number 31 merely incorporates by reference all other paragraphs of the Complaint. Therefore, Cox incorporates by reference his answers to those paragraphs as set forth above and below.

32. The allegations in this, Count 2 of Plaintiffs' Complaint, are not asserted against Cox, however, Cox denies that Plaintiffs are entitled to any relief, whatsoever.

33. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 33 of the Complaint.

34. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 34 of the Complaint.

35. Cox denies the allegations pled in paragraph 35 of the Complaint.

36. Cox denies the allegations pled in paragraph 36 of the Complaint.

37. Complaint paragraph number 37 merely incorporates by reference all other paragraphs of the Complaint. Therefore, Cox incorporates by reference his answers to those paragraphs as set forth above and below.

38. Cox denies that he violated any of Plaintiffs' rights and that Plaintiffs are entitled to any relief, whatsoever, as alleged in paragraph 38 of the Complaint.

39. Cox is not required to admit a proposition of law, but he does admit that he was (and is) employed by the Dallas Fire Department.

40. Cox denies the allegations pled in paragraph number 40 of the Complaint.

41. Cox denies the allegations pled in paragraph number 41 of the Complaint.

42. Cox denies the allegations pled in paragraph 42 of the Complaint.

43. Cox denies the allegations pled in paragraph 43 of the Complaint.

44. Complaint paragraph number 44 merely incorporates by reference all other paragraphs of the Complaint. Therefore, Cox incorporates by reference his answers to those paragraphs as set forth above and below.

45. The allegations in this, Count 4 of Plaintiffs' Complaint, are not asserted against Cox, however Cox denies that Plaintiffs are entitled to any relief, whatsoever.

46. Cox denies the allegations pled in paragraph 46 of the Complaint.

47. Cox denies the allegations pled in paragraph 47 of the Complaint.

48. Cox denies the allegations pled in paragraph 48 of the Complaint.

49. Cox denies the allegations pled in paragraph 49 of the Complaint.

50. Complaint paragraph number 50 merely incorporates by reference all other paragraphs of the Complaint. Therefore, Cox incorporates by reference his answers to those paragraphs as set forth above and below.

51. Cox lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 51 of the Complaint.

52. Cox denies the allegations pled in paragraph 52 of the Complaint.

53. Cox denies the allegations pled in paragraph 53 of the Complaint.

54. Cox denies the allegations pled in paragraph 54 of the Complaint.

55. The final paragraphs of the Complaint contain a request for jury trial and a prayer; Cox denies all the petitions pled in the prayer and further denies that Plaintiffs are entitled to any relief or to recover any damages as asserted in these paragraphs.

## II. DEFENSES AND AFFIRMATIVE DEFENSES

56. Cox pleads that Plaintiffs have failed to state a claim upon which relief can be granted as to all claims asserted by Plaintiffs.

57. Cox pleads that no deprivation of Plaintiffs' rights occurred with regard to the matters about which Plaintiffs complain.

58. Cox pleads that he did not engage in any actions that resulted in the violation of any of Plaintiffs' or Hirschell Fletcher, Jr.'s constitutional rights, nor did he direct, order or authorize any other person to do so.

59. Cox pleads that he did not violate Plaintiffs' or Hirschell Fletcher, Jr.'s rights under the Fourteenth Amendment to the United States Constitution.

60. Cox pleads that his encounter with Hirschell Fletcher, Jr. was conducted lawfully, that his actions were objectively reasonable, and that he did not violate clearly established law of which a reasonable person would have known.

61. Cox pleads that he was at all relevant times a public or government official, to wit, a firefighter/paramedic, employed at the time of the incident in question by the City of Dallas; is

entitled to qualified immunity from suit and from damages in the present cause; and that on the occasion in question, he acted without malice; without an intent to deprive Plaintiffs or Hirschell Fletcher, Jr. of any legally protected rights; with a reasonable good faith belief that his actions were lawful, proper, and within and pursuant to the scope of his discretionary authority as a firefighter/paramedic; and that he did not violate clearly established law of which a reasonable person would have known.

62. Cox pleads that he did not act maliciously or egregiously with respect to Plaintiffs or Hirschell Fletcher, Jr., so that Cox's actions do not shock the conscience, and Cox pleads that he did not act toward Plaintiffs or Hirschell Fletcher, Jr. with malice or deliberate indifference.

63. Cox pleads that no act or omission on his part proximately caused any of Plaintiffs' or Hirschell Fletcher, Jr.'s alleged injuries or damages.

64. Cox pleads that Plaintiffs' alleged damages, if any, were caused by Plaintiffs' or Hirschell Fletcher, Jr.'s own actions or by the actions of others and not by any actions of Cox, so that the doctrine of comparative causation applies to this case.

65. Cox pleads that Plaintiffs' alleged damages, if any, were caused by the criminal acts of third parties, not Defendants herein, which, taken together or separately, proximately caused or were the sole cause of the injuries and damages which are alleged in Plaintiffs' Complaint.

## **PRAYER**

WHEREFORE, Defendant Firefighter Brad Alan Cox prays that Plaintiffs take nothing by this suit, that all relief requested by Plaintiffs be denied, that Cox recover all costs of suit and attorney's fees, and for such other and further relief, general or special, at law or in equity, to which Cox is entitled.

Respectfully submitted,

WALKER BRIGHT PC
100 North Central Expressway, Suite 800
Richardson, Texas 75080
Telephone: (972) 744-0192
Telecopier: (972) 744-0067
Email: gerald.bright@wblpc.com

//s// Gerald Bright
    GERALD BRIGHT
    State Bar No. 02991720
    DAVID CRAFT
    State Bar No. 00790522

**ATTORNEYS FOR DEFENDANT
FIREFIGHTER BRAD ALAN COX**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant Firefighter Brad Alan Cox's Original Answer to Plaintiff's First Amended Complaint has been served on all counsel of record through the Electronic Case Filing System of the Northern District of Texas on this the 28th day of January, 2019.

                                                                            //s// Gerald Bright
                                                                           Gerald Bright/David Craft