IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KELSON, <br> DAKOTA KELSON, RYLIE KIMBRELL, <br> AND ESTATE OF <br> HIRSCHELL FLETCHER, JR <br><br> Plaintiffs <br><br> VS. <br><br> CITY OF DALLAS, a Municipal <br> Corporation, FIREFIGHTER KYLE <br> FOSTER CLARK, <br> FIREFIGHTER BRAD ALAN COX, <br> OFFICER GEORGE MORALES, <br> OFFICER CHRISTOPHER TODD, <br> OFFICER NICHOLAS MORRIS, <br> OFFICER JAMES HERNANDEZ, <br> OFFICER HARRY BRADFIELD, <br> OFFICER DSO WARREN, and <br> OFFICER ERICA RUSSELL <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br>CIVIL ACTION NO. 3:18-cv-3308-L<br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

COMES NOW, Plaintiffs Christopher Kelson, Dakota Kelson, Rylie Kimbrell, and the Estate of Hirschell Fletcher, Jr. ("Plaintiffs") file their Second Amended Complaint against Defendants, City of Dallas, Firefighter paramedic Kyle Foster Clark (in his individual capacity), Firefighter paramedic Brad Alan Cox (in his individual capacity), Officer George Morales (in his individual capacity), Officer Christopher Todd (in his individual capacity), Officer Nicholas Morris (in his individual capacity), Officer James Hernandez (in his individual capacity), Officer Harry Bradfield (in his individual capacity), Officer DSO Warren (in his individual capacity), and Officer Erica Russell (in his individual capacity).

Plaintiff's Second Amended Complaint                                                                                                         Page 1

In support of her claims against each of the Defendants, Plaintiffs would respectfully show as follows:

## I. PARTIES

1. Plaintiffs Christopher Kelson, Dakota Kelson, and Rylie Kimbrell are bringing individual wrongful death claims related to the death of their father, Hirschell Wayne Fletcher, Jr. Christopher Kelson is an induvial residing in Ohio. Dakota Kelson is an individual residing in Ohio. Rylie Kimbrell is an individual residing in Point, Texas. Hirschell Wayne Fletcher, Jr.'s probate estate is currently pending in the County Court of Van Zandt County, Texas. Fagelyn Self, Hirschell Wayne Fletcher, Jr.'s sister, will be the Administrator of the Estate.

2. Defendant City of Dallas is an incorporated city in the State of Texas and may be served with process by serving the city mayor, clerk, secretary, or treasurer, all of whom are located at Dallas City Hall 1500 Marilla Street, Dallas Texas 75201.

3. On or before December 30, 2016, and at all relevant times, the Defendant, City of Dallas, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Dallas Police Department, and fire department, commonly referred to as the Dallas Fire Department.

4. Defendant Kyle Foster Clark ("Clark") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas Fire Department. Defendant Clark may be served with process at his place of employment: Dallas Fire State No. 4 located at 816 South Akard Street, Dallas, Texas 75202, or other as he may be found within the jurisdiction of this Court.

5. Defendant Brad Alan Cox ("Cox") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and

agent of the Dallas Fire Department. Defendant Clark may be served with process at his place of employment: Dallas Fire State No. 4 located at 816 South Akard Street, Dallas, Texas 75202, or other as he may be found within the jurisdiction of this Court.

6. Defendant George Morales ("Morales") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas Police Department. Defendant Morales may be served with process at his place of employment: Dallas Police Department, Central Patrol Division, 334 S. Hall Street, Dallas, Texas 75226, or other as he may be found within the jurisdiction of this Court.

7. Defendant Christopher Todd ("Todd") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas Police Department. Defendant Todd may be served with process at his place of employment: Dallas Police Department, Central Patrol Division, 334 S. Hall Street, Dallas, Texas 75226, or other as he may be found within the jurisdiction of this Court.

8. Defendant Nicholas Morris ("Morris") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas Police Department. Defendant Morris may be served with process at his place of employment: Dallas Police Department, South Central Patrol Division, 1999 E. Camp Wisdom Road, Dallas, Texas 75241, or other as he may be found within the jurisdiction of this Court.

9. Defendant James Hernandez ("Hernandez") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas City Marshall's Office. Defendant Hernandez may be served with process at his place of employment: Dallas City Marshall's Office, 1600 Chestnut Street, Dallas, Texas 75226, or other as he may be found within the jurisdiction of this Court.

10. Defendant Harry Bradfield ("Bradfield") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas City Marshall's Office. Defendant Bradfield may be served with process at his place of employment: Dallas City Marshall's Office, 1600 Chestnut Street, Dallas, Texas 75226, or other as he may be found within the jurisdiction of this Court.

11. Defendant DSO Warren ("Warren") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas City Marshall's Office. Defendant Warren may be served with process at his place of employment: Dallas City Marshall's Office, 1600 Chestnut Street, Dallas, Texas 75226, or other as he may be found within the jurisdiction of this Court.

12. Defendant Erica Russell ("Russell") is an adult individual who, upon information and belief, resides in the State of Texas and is (or was at the time in question) an employee and agent of the Dallas City Marshall's Office. Defendant Russell may be served with process at her place of employment: Dallas City Marshall's Office, 1600 Chestnut Street, Dallas, Texas 75226, or other as she may be found within the jurisdiction of this Court.

## II. JURISDICTION & VENUE

13. This is an action brought pursuant to 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution against Defendants, City of Dallas, Firefighter paramedic Kyle Clark (in his individual capacity), Firefighter paramedic Brad Cox (in his individual capacity), Officer George Morales (in his individual capacity), Officer Christopher Todd (in his individual capacity), Officer Nicholas Morris (in his individual capacity), Officer James Hernandez (in his individual capacity), Officer Harry Bradfield (in his individual capacity),

Officer DSO Warren (in his individual capacity), and Officer Erica Russell (in his individual capacity).

14. This Court has personal jurisdiction over each of the Defendants and "federal question" subject matter jurisdiction of the claims and causes of action alleged herein under 28 U.S.C. § 1331.

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because the defendants reside or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred in this District.

16. All conditions precedent to the filing of this action have either been performed or waived.

### III. FACTS

17. On and before December 30, 2016, and at all relevant times, when Defendants Clark, Cox, Morales, Todd, Morris, Hernandez, Bradfield, Warren, and Russell were engaging in the complained of conduct, they were acting under color of law, in the course of their employment as Dallas Police Officers, Dallas Firefighter Department paramedics, or Dallas City Marshall Detentions Services Officers, and pursuant to a policy, custom, and/or usage of the City of Dallas Police Department, Fire Department, and Marshal's Office.

18. On or about December 30, 2016, Hirschell Wayne Fletcher, Jr. ("Fletcher"), was a 46-year-old male diagnosed with a mental disability (schizophrenia). Fletcher also suffered from mytonic dystrophy, which caused a speech impediment. Fletcher was a homeless resident of Dallas, Texas.

19. On or about December 30, 2016, at approximately 5:30 p.m., Fletcher was outside a soup kitchen in located at 500 Park Avenue, Dallas, Texas. At this time, Fletcher was assaulted

twice and robbed. After the first assault and robbery, Fletcher fled the scene but returned shortly thereafter where he was assaulted and punched in the head. The blow to the head caused Fletcher to fall and hit his head on a wall, causing severe injury.

20. Bystanders flagged down Defendant Morales, a Dallas Police Officer, who was driving by the scene shortly after the second assault. After speaking to Fletcher for a moment, Defendant Morales called two other police officers—Defendant Todd and Defendant Morris—as well as the Dallas Fire Department to the scene.

21. Upon arriving at the scene, Defendants Clark and Cox, who are Dallas Fire Department paramedics, and Defendants Todd and Morris approached Fletcher. At this time, Fletcher began making repeated statements to Defendants Clark, Cox, Todd and Morales that he hurt his head and needed medical attention. Blood and contusions from the beatings was patently visible on Fletcher's head.

22. Due to Fletcher's homelessness and mental illness, Defendants Morales, Todd, and Morris assumed Fletcher to be drunk, and they, along with Defendants Clark and Cox began harassing and openly **laughing at** Fletcher as he sat on the sidewalk in pain. Defendants Clark, Cox, Morales, Todd, and Morris continued this behavior for approximately 10 minutes. Defendants Cox and Clark had knowledge that someone who has suffered severe blunt force trauma to the head can have internal brain bleeding, which can cause death. Nevertheless, they decided to laugh at Fletcher because of the way he smelled instead of examining and treating him. Defendants Morales, Todd, and Morris stood by and did nothing to stop Defendants Clark's and Cox's behavior or encourage them to assess Fletcher and render medical care. Defendants Morales, Todd, and Morris had the common medical knowledge that severe beatings, like the ones suffered by Fletcher, can cause brain damage leading to death; however, they, too, decided to make fun of

Fletcher instead of helping him or bringing him to the hospital. This behavior was captured on Defendant Morris' body camera and Defendant Morales' in-car camera. Defendants Clark's, Cox's, Morales', Todd's, and Morris' acts and omissions show that they were deliberately indifferent to Fletcher's serious medical needs and withheld and/or delayed treatment, which ultimately resulted in Fletcher's death.

23. In August of 2016, just months prior to Fletcher's incident, Dallas Police arrested Tony Timpa, another individual who, like Fletcher, was mentally ill and suffering from schizophrenia. The DPD officers openly made fun of and laughed at the handcuffed Timpa while Timpa became limp, stopped breathing, and died right in front of them. One of the officers can even be heard on the video of the incident stating "I hope I didn't kill him."

24. In order to get Fletcher off the street because he was homeless and mentally ill, Fletcher was falsely arrested, cited for public intoxication, and taken by Defendant Morales to The Dallas Marshal's Office & City Detention Center ("the Detention Facility") located at 1600 Chestnut Street, Dallas, Texas 75226.

25. Defendants Morales, Todd, and Morris made no investigation to determine whether Fletcher was intoxicated before or after arresting and imprisoning Fletcher and thereafter charging him for public intoxication. Fletcher was arrested, imprisoned, and charged without any probable cause whatsoever solely because he was homeless and mentally ill.

26. Upon information and belief, while in transit to the Detention Facility, Fletcher continued making statements that he hurt his head, showing that he needed medical care. Again, Fletcher's pleas were ignored.

27. Fletcher arrived at the Detention Facility at around 8:00 p.m. on December 30, 2016. Defendants Morales, Todd, Morris, and Bradfield booked Fletcher in the Detention Facility.

Fletcher stated to Defendant Bradfield that he was mentally ill and/or mentally retarded (MHMR). Upon information and belief, Fletcher made statements to Defendants Morales, Todd, Morris, and Bradfield, and it was patently obvious that he was hurt and required medical care while he was detained in the Detention Facility. Defendants Morales, Todd, Morris, and Bradfield ignored Fletcher's pleas and his obviously physically injured and mentally disabled condition.

28. Fletcher spent much of the time at the Detention Center lying unresponsive underneath a mattress in the cell. Defendants Hernandez, Warren, and Russell followed the Detention Facility's policy and practice of merely walking by cells intermittently without actually checking on the physical condition of the detainees. This policy and custom led to Defendants Hernandez, Warren, and Russell not checking on Fletcher's condition despite his obvious state of distress, and, ultimately, his death. Defendants Hernandez, Warren, and Russell possessed the knowledge that many of their detainees may be in physical distress due to being involved in physical altercations (like Fletcher) or overuse of drugs and alcohol (unlike Fletcher) and that failing to frequently check on their physical condition can result in a detainee dying from injuries and/or drug and alcohol overdose. Nevertheless, Defendants Hernandez, Warren, and Russell carried out the custom of the Detention Center of, at best, only walking past cells intermittently without earnestly checking on the condition of the detainees, which allowed Fletcher's condition to worsen to the point of becoming brain dead while in the Detention Center. In other words, they were subjectively aware of the risk of death or serious harm to Fletcher but disregarded this risk.

29. Fletcher was found unresponsive in his cell at the Detention Facility at 5 a.m. on December 31, 2016. Fletcher was rushed to the hospital. However, it was too late. Fletcher died shortly thereafter due to a slow brain bleed caused by his head injuries the day before. Because of Defendants' inaction, Fletcher's constitutional rights were violated, and as a result, it cost Fletcher

his life. Upon information and belief, at least one other detainee died under similar circumstances at the Detention Center in the three months prior to Fletcher's death. As recently as June 2019, Juan Ramirez was booked into the Detention Center late one night, found unresponsive early the next morning, transported to the Hospital where it was discovered that he suffered from a massive brain bleed, and eventually passed away days later. The City of Dallas, therefore, knew of the risk of this policy or custom and allowed it to continue through the time of Fletcher's detainment. Defendants Bradfield's, Hernandez', Warren's, and Russell's acts and omissions at the Detention Center show that they were deliberately indifferent to Fletcher's serious medical needs and withheld and/or delayed treatment, which ultimately resulted in Fletcher's death.

30. In order to cover up their egregious behavior, both Defendants Clark and Cox falsely stated on their report for the incident involving Fletcher that they never had any contact with Fletcher on December 30, 2016. Defendants Clark and Cox have been indicted in Dallas County for falsifying their report stating Fletcher had been taken from the scene prior to their arrival. Defendant Clark's and Defendant Cox's criminal cases were pending in Dallas County as case numbers M-18-04214 and M-18-04215, respectively.

### IV. COUNT 1 – VIOLATION OF 42 U.S.C. § 1983 – FALSE ARREST
(Against Defendants Morales, Todd, and Morris)

31. Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-nine (1-30) as though fully pled and stated herein.

32. This is an action for damages against Defendants Morales, Todd, and Morris for the deprivation of Fletcher's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

33. At all times relevant hereto, Defendants Morales, Todd, and Morris were acting under the color of state law and pursuant to the policy, custom, and/or usage of the City of Dallas Police Department.

34. Defendants Morales, Todd, and Morris, through the actions described above, deprived Fletcher of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable and unlawful seizures of his person.

35. As a direct and proximate foreseeable result of the violations of Fletcher's constitutional rights, including the rights guaranteed to Fletcher by the Fourth and Fourteenth Amendments, and the misconduct of Defendants Morales, Todd, and Morris, as set forth above, Fletcher suffered injuries, including being falsely arrested, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of life.

36. As a result of Fletcher's injuries, Plaintiff is entitled to recover all damages allowable for violation of 42 U.S.C. § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. § 1983.

## V. COUNT 2 – VIOLATION OF 42 U.S.C. § 1983 – DENIAL OF MEDICAL TREATMENT
**(Against Defendants Morales, Todd, Morris, Bradfield, Hernandez, Warren, and Russell)**

37. Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-nine (1-30) as though fully pled and stated herein.

38. This is an action for damages against Defendants Morales, Todd, Morris, Bradfield, Hernandez, Warren, and Russell for the deprivation of Fletcher's Eighth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

39. At all times relevant hereto, Defendants Morales, Todd, Morris, Bradfield, Hernandez, Warren, and Russell were acting under the color of state law and pursuant to the policy, custom, and/or usage of the City of Dallas Police Department and/or Dallas City Marshall's Office.

40. Defendants Morales, Todd, Morris, Bradfield, Hernandez, Warren, and Russell, through the actions described above, deprived Fletcher of his rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments of the Constitution of the United States, including the right to adequate medical treatment. The denial of medical treatment by Defendants Morales, Todd, Morris, Bradfield, Hernandez, Warren, and Russell is the result of deliberate indifference to Fletcher's serious medical need.

41. As a direct and proximate foreseeable result of the violations of Fletcher's constitutional rights, including the rights guaranteed to Fletcher by Eighth and Fourteenth Amendments, and the misconduct of Defendants Morales, Todd, Morris, Bradfield, Hernandez, Warren, and Russell, as set forth above, Fletcher suffered injuries, including physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of life.

42. As a result of Fletcher's injuries, Plaintiff is entitled to recover all damages allowable for violation of 42 U.S.C. § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. § 1983.

## VI. COUNT 3 – VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO TREAT
### (Against Defendants Clark & Cox)

43. Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-nine (1-30) as though fully pled and stated herein.

44. This is an action for damages against Defendants Clark and Cox for the deprivation of Fletcher's Fourteenth Amendment right in violation of 42 U.S.C. § 1983.

45. At all times relevant hereto, Defendants Clark and Cox were acting under the color of state law and pursuant to the policy, custom, and/or usage of the City of Dallas Fire Department.

46. Defendants Clark and Cox, through the actions described above, deprived Fletcher of his rights, privileges, and immunities secured by the Fourteenth Amendment of the Constitution of the United States, including the right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws guaranteed to Fletcher.

47. Defendants Clark and Cox were trained to provide medical care, they had a duty to assess and render care to those in need, specifically Fletcher, and they breached that duty. As a result, Defendants Clark and Cox deprived Fletcher of his constitutional rights, which ultimately cost Fletcher his life. The aforementioned conduct and omissions were objectively unreasonable and were undertaken intentionally, willfully, with malice, and with reckless indifference to Fletcher's constitutional rights.

48. As a direct and proximate foreseeable result of the violations of Fletcher's constitutional rights, including the rights guaranteed to Fletcher by the Fourteenth Amendments, and the misconduct of Defendants Clark and Cox, as set forth above, Fletcher suffered injuries, including physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of life.

49. As a result of Fletcher's injuries, Plaintiff is entitled to recover all damages allowable for violation of 42 U.S.C. § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. § 1983.

### VII. COUNT 4 – VIOLATION OF 42 U.S.C. § 1983 – POLICY & CUSTOM
(Against Defendant City of Dallas)

50. Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-nine (1-30) as though fully pled and stated herein.

51. At all relevant times, the employees, agents, officers and/or firefighter paramedics of Defendant City of Dallas's Police Department, Fire Department, and City Marshal's Office, including Defendants Clark, Cox, Morales, Todd, Morris, Bradfield, Hernandez, Warren, and Russell, were acting under the color of state law and were acting pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant City of Dallas Police Department, Fire Department, and City Marshal's Office.

52. Upon information and belief, Defendant City of Dallas Police Department, Fire Department, and City Marshal's Office, including its agents, employees, officers, and/or firefighter paramedics, together with other City of Dallas policymakers and supervisors maintained, inter alia, the following unconstitutional customs, practices, and/or policies:

    a. maintaining a policy of inaction and an attitude of indifference towards providing medical treatment for mentally ill persons ("MIPs") and homeless people in order to get them off the streets;

    b. maintaining a policy of unreasonably searching, seizing, and arresting MIPs and homeless people in order to get them off the streets;

    c. providing inadequate training regarding how to detain and treat MIPs and homeless persons;

    d. inadequately supervising, training, controlling, assigning, and disciplining City of Dallas Police Officers, Fire Department paramedics, City Marshal's Office, and other personnel, including Defendants Clark, Cox, Morales, Todd, Morris, Bradfield, Hernandez, Warren, and Russell, who Defendant City of Dallas knew or in the

exercise of reasonable care should have known were committing such egregious acts;

53. Defendant City of Dallas Police Department, Fire Department, and City Marshal's Office had actual and/or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having knowledge of the above, the Defendant City of Dallas condoned, tolerated and through its own actions or inactions thereby ratified such policies. Such Defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Fletcher.

54. As a direct and proximate result of the Constitutional violations caused by the employees, agents, officers, and/or firefighter paramedics of the Defendant City of Dallas Police Department, Fire Department, and City Marshal's Office, and other policy makers, Fletcher suffered violations of his Constitutional rights guaranteed to him by the Fourth, Eighth, and Fourteenth Amendments, as well as other provisions, of the United States Constitution, and suffered severe physical and emotional injuries.

55. Moreover, as a result of Defendants Clark, Cox, Morales, Todd, Morris, Hernandez, Warren, Bradfield, and Russell, and the City of Dallas Police Department, Fire Department, and City Marshal's Office, Fletcher suffered injuries and is entitled to recover all damages allowable for constitutional violations pursuant to 42 U.S.C. § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. § 1983.

## VIII. COUNT 5 – WRONGFUL DEATH
### (Against all Defendants)

56. Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-nine (1-30) as though fully pled and stated herein.

57. Plaintiffs are the surviving children of decedent Hirschell Wayne Fletcher, Jr.

58. As detailed in Counts 1-4 above, Hirschell Wayne Fletcher, Jr. died as a result of Defendants' wrongful conduct. Hirschell Wayne Fletcher, Jr. would have been entitled to bring this action against Defendants if Hirschell Wayne Fletcher, Jr. had lived.

59. Defendants' conduct that caused Hirschell Wayne Fletcher, Jr.'s death was a producing cause to the injuries to Plaintiffs. Plaintiffs suffered the loss of companionship and society sustained in the past and that in reasonable probability, will be sustained in the future; that is, the loss of positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs, in reasonable probability, would have received from Hirschell Wayne Fletcher, Jr. had he lived.

### IX. COUNT 6 – RECOVER EXEMPLARY DAMAGES
**(Against all Defendants)**

60. Because the actions and conduct of Defendants were taken with evil motive and intent to involve their reckless or callous disregard of, or indifference to, the rights and safety of Fletcher, others, and Fletcher's federally protected rights, Plaintiff is entitled to exemplary and punitive damages from Defendants on account of Defendants' violation and deprivation of Fletcher's constitutional and civil rights under color of law and in violation of 42 U.S.C. § 1983. Plaintiffs request that punitive and exemplary damages be imposed on each of the Defendants on account of such callous indifference to Fletcher's civil rights and their malicious conduct, actions, and omissions. Under the circumstances exemplary damages are appropriate because Defendants' conduct warrants punishment and deterrence.

### X. REQUEST & DEMAND FOR JURY TRIAL

Case 3:18-cv-03308-L   Document 31-1   Filed 06/01/19   Page 16 of 17   PageID 229

61. Plaintiffs hereby assert their rights to a jury trial under the Seventh Amendment of the United States Constitution and hereby requests and demand a trial by jury on all claims, causes of action, other issues, and matters to which they are entitled to a jury trial.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgement against Defendants, awarding compensatory damages, special damages, economic damages, exemplary damages, attorney's fees, and all other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ *Eric Kolder*
STEPHEN M. SPITZER
LEAD COUNSEL
State Bar Card No. 18954850
sspitzer@rameyflock.com
Eric Kolder *(Pro Hac Vice)*
State Bar No. 24083323
ekolder@rameyflock.com
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 404
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)

SCOTT H. PALMER, P.C.
Scott H. Palmer
State Bar No. 00797196
James P. Roberts
State Bar No. 24105721
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
Telephone: 214-987-4100
Fax:  214-922-9900
Scott@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to all counsel of record via ECF on August 1, 2019.

*/s/ Eric Kolder*_____
Eric Kolder