## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KELSON, DAKOTA KELSON, AND ESTATE OF HIRSHCELL FLETCHER, JR., | § § § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:18-CV-3308-L |
| | § | |
| CITY OF DALLAS, FIREFIGHTER KYLE FOSTER CLARK, FIREFIGHTER BRAD ALAN COX, AND UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, | § § § § | |
| Defendants. | § | |

## DEFENDANT FIREFIGHTER KYLE FOSTER CLARK'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE COURT:

Defendant Firefighter Kyle Foster Clark ("Clark"), files his answer in response to Plaintiffs' Second Amended Complaint ("Complaint") (Doc. 31-1).

## I.    ANSWER

1.    The first unnumbered paragraph of Plaintiffs' Complaint does not state facts to which an answer is required.  Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 1 of the Complaint.

2.    Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 2 of the Complaint.

3.    Clark admits the allegations pled in paragraph number 3 of the Complaint.

4.    Clark admits the allegations pled in the first sentence of paragraph number 4 of the Complaint.  Clark denies the remaining allegations in this paragraph.

5.      Clark admits the allegations pled in the first sentence of paragraph number 5 of the Complaint.  Clark denies the remaining allegations in this paragraph.

6.      Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 6 of the Complaint.

7.      Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 7 of the Complaint.

8.      Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 8 of the Complaint.

9.      Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 9 of the Complaint.

10.      Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 10 of the Complaint.

11.      Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 11 of the Complaint.

12.      Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 12 of the Complaint.

13.      Paragraph number 13 does not plead matters that require an answer.  To the extent that an answer is nonetheless required, Clark denies that he violated any of Plaintiffs' rights or is otherwise liable to Plaintiffs.

14.      Clark is not required to admit or deny a legal conclusion, however, Clark states that he does not contest the Court's personal jurisdiction or "federal question" subject matter jurisdiction over this matter as alleged in paragraph number 14 of the Complaint.

15.     Clark is not required to admit or deny a legal conclusion, however, Clark states that he does not contest venue in this district, as alleged in paragraph number 15 of the Complaint.

16.     In answer to the allegations pled in paragraph number 16 of the Complaint, Clark lacks knowledge or information sufficient to form a belief about whether all conditions have occurred.

17.     Clark denies the allegations pled in paragraph number 17 of Plaintiffs' Complaint, as Clark did not engage in the complained of conduct alleged by Plaintiff in the Complaint.

18.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 18 of the Complaint.

19.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 19 of the Complaint.

20.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 20 of the Complaint.

21.     Clark denies the bulk of the allegations pled in paragraph number 21 of Plaintiffs' Complaint, admitting only that he approached Fletcher.

22.     Clark denies the allegations pled in the first two sentences of paragraph number 22 of Plaintiffs' Complaint.  Clark admits the allegations pled in the third sentence of paragraph number 22.  Clark denies the remaining allegations pled in the remaining sentences of paragraph 22 of Plaintiff's Complaint, admitting only that he approached Fletcher.

23.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 23 of the Complaint.

24.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 24 of the Complaint.

25.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 25 of the Complaint.

26.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 26 of the Complaint.

27.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 27 of the Complaint.

28.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 28 of the Complaint.

29.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 29 of the Complaint other than to deny that he violated anyone's constitutional rights or that any of his actions or inactions cost Fletcher his life.

30.     Clark denies the allegations pled in the first sentence of paragraph number 30 of the Complaint.  Clark denies the allegations pled in the second sentence of paragraph number 30 of the Complaint, as stated, admitting only that he has been indicted.  Clark admits the allegations pled in the third sentence of paragraph 30.

31.     Complaint paragraph number 31 merely incorporates by reference all other paragraphs of the Complaint.  Therefore, Clark incorporates by reference his answers to those paragraphs as set forth above and below.

32.     The allegations in this, Count 1 of Plaintiffs' Complaint, are not asserted against Clark, however Clark denies that Plaintiffs are entitled to any relief, whatsoever.

33.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 33 of the Complaint.

34.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 34 of the Complaint.

35.     Clark denies the allegations pled in paragraph 35 of the Complaint.

36.     Clark denies the allegations pled in paragraph 36 of the Complaint.

37.     Complaint paragraph number 37 merely incorporates by reference all other paragraphs of the Complaint.  Therefore, Clark incorporates by reference his answers to those paragraphs as set forth above and below.

38.     The allegations in this, Count 2 of Plaintiffs' Complaint, are not asserted against Clark, however Clark denies that Plaintiffs are entitled to any relief, whatsoever.

39.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 39 of the Complaint.

40.     Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 40 of the Complaint.

41.     Clark denies the allegations pled in paragraph 41 of the Complaint.

42.     Clark denies the allegations pled in paragraph 42 of the Complaint.

43.     Complaint paragraph number 43 merely incorporates by reference all other paragraphs of the Complaint.  Therefore, Clark incorporates by reference his answers to those paragraphs as set forth above and below.

44.     Clark denies that he violated any of Plaintiffs' rights and that Plaintiffs are entitled to any relief, whatsoever, as alleged in paragraph 44 of the Complaint.

45.     Clark is not required to admit a proposition of law, but he does admit that he was (and is) employed by the Dallas Fire Department.

46.     Clark denies the allegations pled in paragraph number 46 of the Complaint.

47.      Clark denies the allegations pled in paragraph number 47 of the Complaint.

48.      Clark denies the allegations pled in paragraph 48 of the Complaint.

49.      Clark denies the allegations pled in paragraph 49 of the Complaint.

50.      Complaint paragraph number 50 merely incorporates by reference all other paragraphs of the Complaint.  Therefore, Clark incorporates by reference his answers to those paragraphs as set forth above and below.

51.      The allegations in this, Count 4 of Plaintiffs' Complaint, are not asserted against Clark, however Clark denies that Plaintiffs are entitled to any relief, whatsoever.

52.      Clark denies the allegations pled in paragraph 52 of the Complaint.

53.      Clark denies the allegations pled in paragraph 53 of the Complaint.

54.      Clark denies the allegations pled in paragraph 54 of the Complaint.

55.      Clark denies the allegations pled in paragraph 55 of the Complaint.

56.      Complaint paragraph number 56 merely incorporates by reference all other paragraphs of the Complaint.  Therefore, Clark incorporates by reference his answers to those paragraphs as set forth above and below.

57.      Clark lacks knowledge or information sufficient to form a belief about the truth of the allegations pled in paragraph number 57 of the Complaint.

58.      Clark denies the allegations pled in paragraph 58 of the Complaint.

59.      Clark denies the allegations pled in paragraph 59 of the Complaint.

60.      Clark denies the allegations pled in paragraph 60 of the Complaint.

61.      The final paragraphs of the Complaint contain a request for jury trial and a prayer; Clark denies all the petitions pled in the prayer and further denies that Plaintiffs are entitled to any relief or to recover any damages as asserted in these paragraphs.

## II.     <u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

62.     Clark pleads that Plaintiffs have failed to state a claim upon which relief can be granted as to all claims asserted by Plaintiffs.

63.     Clark pleads that no deprivation of Plaintiffs' rights occurred with regard to the matters about which Plaintiffs complain.

64.     Clark pleads that he did not engage in any actions that resulted in the violation of any of Plaintiffs' or Hirschell Fletcher, Jr.'s constitutional rights, nor did he direct, order or authorize any other person to do so.

65.     Clark pleads that he did not violate Plaintiffs' or Hirschell Fletcher, Jr.'s rights under the Fourteenth Amendment to the United States Constitution.

66.     Clark pleads that his encounter with Hirschell Fletcher, Jr. was conducted lawfully, that his actions were objectively reasonable, and that he did not violate clearly established law of which a reasonable person would have known.

67.     Clark pleads that he was at all relevant times a public or government official, to wit, a firefighter/paramedic, employed at the time of the incident in question by the City of Dallas; is entitled to qualified immunity from suit and from damages in the present cause; and that on the occasion in question, he acted without malice; without an intent to deprive Plaintiffs or Hirschell Fletcher, Jr. of any legally protected rights; with a reasonable good faith belief that his actions were lawful, proper, and within and pursuant to the scope of his discretionary authority as a firefighter/paramedic; and that he did not violate clearly established law of which a reasonable person would have known.

68.     Clark pleads that he did not act maliciously or egregiously with respect to Plaintiffs or Hirschell Fletcher, Jr., so that Clark's actions do not shock the conscience, and Clark pleads that he did not act toward Plaintiffs or Hirschell Fletcher, Jr. with malice or deliberate indifference.

69.     Clark pleads that no act or omission on his part proximately caused any of Plaintiffs' or Hirschell Fletcher, Jr.'s alleged injuries or damages.

70.     Clark pleads that Plaintiffs' alleged damages, if any, were caused by Plaintiffs or Hirschell Fletcher, Jr.'s own actions or by the actions of others and not by any actions of Clark, so that the doctrine of comparative causation applies to this case.

71.     Clark pleads that Plaintiffs' alleged damages, if any, were caused by the criminal acts of third parties, not Defendants herein, which, taken together or separately, proximately caused or were the sole cause of the injuries and damages which are alleged in Plaintiffs' Complaint.

## **PRAYER**

WHEREFORE, Defendant Firefighter Kyle Foster Clark prays that Plaintiffs take nothing by this suit, that all relief requested by Plaintiffs be denied, that Clark recover all costs of suit and attorney's fees, and for such other and further relief, general or special, at law or in equity, to  which Clark is entitled.

Respectfully submitted,

WALKER BRIGHT PC
100 North Central Expressway, Suite 800
Richardson, Texas  75080
Telephone:     (972) 744-0192
Telecopier:    (972) 744-0067
Email:            gerald.bright@wblpc.com


//s// Gerald Bright
          GERALD BRIGHT
          State Bar No. 02991720
          DAVID CRAFT
          State Bar No. 00790522

**ATTORNEYS FOR DEFENDANT
FIREFIGHTER KYLE FOSTER CLARK**


### CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of the foregoing Defendant Firefighter Kyle

Foster Clark's Original Answer to Plaintiff's Second Amended Complaint has been served on all

counsel of record through the Electronic Case Filing System of the Northern District of Texas on

this the 2nd day of August, 2021.


          //s// Gerald Bright
          Gerald Bright/David Craft