**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER KELSON et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-cv-03308-E** |
| | § | |
| **CITY OF DALLAS et al,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Before the Court are Defendants, Firefighter Kyle Foster Clark ("Clark") and Firefighter Brad Alan Cox's ("Cox"), Motion for Summary Judgment, Brief, and Appendix in Support (ECF Nos. 159–161), Plaintiffs Christopher Kelson, Dakota Kelson, Rylie Kelson, and the Estate of Hirschell Fletcher, Jr.'s ("Plaintiffs"), Response, Brief, and Appendix in Support (ECF Nos. 166–168); and Defendants' Reply, ECF No. 174. Having considered the Motion, briefing, and applicable law, the Court **GRANTS** the Motion (ECF No. 159).

## I. BACKGROUND[1]

On December 30, 2016, police called EMS to evaluate Hirschell Fletcher Jr. ("Fletcher") for a head injury. Upon arrival, Clark and Cox evaluated Fletcher and examined Fletcher's head with a flashlight. When Defendants asked Fletcher if he had been injured, Fletcher stated that he had been punched. Defendants asked Fletcher a series of questions, inquiring about Fletcher's name, where his sister lived, where he was sleeping that night, and the name of the current president. Fletcher provided his name, discussed where is sister lived, but stated the name of the president as Kennedy. While Defendants deliberated about what to do, Cox is heard saying, "I

[1] Unless otherwise specified, undisputed facts are taken from the summary judgment briefing.

really think we should all leave and see what he does;" and "Can you imagine being stuck in a cell with him?" Cox asked Fletcher if he was sick, if he was injured, if he had any medical problems, if he needed emergency medical services, if he needed paramedics there, and if he wanted to go to the hospital. Fletcher answered "no" to each of these questions. At no time did Fletcher tell Cox, or otherwise indicate to Cox, that he was in pain, had a headache, was feeling nauseous, or needed medical attention of any kind. Defendants released Fletcher to the police for jail intake. Fletcher died hours later from an epidural hemorrhage.

Plaintiffs filed their Original Complaint on December 17, 2018.[2] Plaintiffs filed a Second Amended Complaint on August 1, 2019.[3] The Second Amended Complaint added Rylie Kimbrell as a new Plaintiff bringing personal injury claims against Defendants.

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

The Court should grant summary judgment where the pleadings and evidence show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks omitted).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute

[2] *See generally* Pls.' Compl., ECF No. 1.
[3] *See generally* Pls.' Second Am. Compl., ECF No. 34.

as to any material fact exists. *See Celotex*, 477 U.S. at 323. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When reviewing the evidence on a motion for summary judgment, the Court must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). If there is no support for disputed allegations such that "reasonable minds could differ as to the import of the evidence," the Court will grant the motion. *Anderson*, 477 U.S. at 250.

**B. Qualified Immunity**

Qualified immunity "shields government officials performing discretionary functions from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Crittindon v. LeBlanc*, 37 F.4th 177, 185 (5th Cir. 2022). A government actor is entitled to qualified immunity unless: (1) the plaintiff adduces facts showing a violation of a constitutional right; and (2) that right was "clearly established" at the time of the alleged violation. *Baldwin v. Dorsey*, 964 F.3d 320, 325 (5th Cir. 2020); *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). A court may consider either condition first. *Baldwin*, 964 F.3d at 325. For a right to be "clearly established," "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The central concept is that of 'fair warning': The law can be clearly established 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated

constitutional rights.'" *Bailey v. Iles*, 87 F.4th 275, 282 (5th Cir. 2023) (quoting *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (en banc). The "statute's text and state case law interpreting it" can put an officer on warning that conduct is unconstitutional. *Id*. at 287.

## III. ANALYSIS

Plaintiffs' claims depend on whether Defendants violated Fletcher's Eighth and Fourteenth Amendment rights to medical care for pretrial detainees. Defendants, as government officials, raise the defense of qualified immunity. The Parties briefing focuses on whether Defendants acted with such deliberate indifference as to overcome the qualified immunity defense. As such, the Court's analysis focuses on the same.

### A. Qualified Immunity Defense

1. <u>Constitutional Violation</u>

The first stage of the inquiry determines if the plaintiff adduced facts showing a violation of a constitutional right. *Baldwin*, 964 F.3d at 325. Plaintiffs bring a failure to treat claim against Clark and Cox under the Fourteenth Amendment.[4] The Fourteenth Amendment protects pretrial detainees' right to medical care. *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019). A government official violates the detainee's right to medical care when the official acts with deliberate indifference to the detainee's serious medical needs. *Baldwin*, 964 F.3d at 326.

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Just.,* 239 F.3d 752, 756 (5th Cir. 2001). Plaintiffs must show Defendants "(1) w[ere] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) actually drew the inference". *Carmona v. City of Brownsville*, 126 F.4th 1091, 1097 (5th Cir. 2025). A plaintiff cannot merely show an incorrect diagnosis or ineffective treatment to meet the

---

[4] *See generally* Pls.' Second Am. Comp., ECF No. 34.

standard of deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Nor is it enough for a plaintiff to show a "failure to alleviate a significant risk that [the official] should have perceived but did not." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). Instead, Plaintiffs "must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson*, 759 F.2d at 1238). "*[S]erious* harm isn't just any harm. [Fletcher's] medical need had to be 'so apparent that even laymen would recognize that care is required.'" *Rogers v. Jarrett*, 63 F.4th 971, 976 (5th Cir. 2023) (quoting Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006)).

Plaintiffs argue that summary judgment should be denied because a reasonable jury could conclude that Defendants were aware Fletcher was at risk of serious harm after they arrived on scene.[5] Defendants argue the facts known about Fletcher's condition at the scene did not indicate substantial risk of serious harm.[6] This Court agrees with Defendants. Even after viewing all facts provided in the light most favorable to the non-movant, Plaintiffs do not meet the high standard of proving deliberate indifference. Defendants Cox and Clark were aware of the following facts: Fletcher had a head injury.[7] Fletcher was punched.[8] Fletcher was able to articulate his name and where his sister lived.[9] Fletcher responded "no" when asked if he was sick, if he was injured, if he had any medical problems, if he needed emergency medical services, if he needed paramedics there, and if he wanted to go to the hospital.[10] When Cox asked "who is the president" Fletcher

---

[5] *See generally* Pls.' Mem. Opp. Defs.' Mot. Summ. J., ECF No. 167.
[6] *See generally* Defs.' Mem. Supp. Mot. Summ. J., ECF No. 160.
[7] Pls.' Mem. Opp. Defs.' Mot. Summ. J. 29, ECF No. 167.
[8] *Id.*
[9] Pls.' App. Opp. Mot. Summ. J. 5, 2:42-2:48-3:47-3:57, ECF No. 168.
[10] Defs.' Mem. Supp. Mot. Summ. J. 9, ECF No. 160.

answered "Kennedy."[11] Cox observed material on Fletcher's head consistent with dried blood, dirt, or fecal matter.[12] Plaintiffs claim the video shows Clark,[13] or Cox,[14] saying "oh yeah, that's a pretty big bump," "he's got a hematoma," and "blood is already dry."[15] Plaintiffs attribute these same statements to both Cox and Clark at different points throughout their brief.[16]

Plaintiffs have not presented enough evidence to show awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists. It is not enough to show that a substantial risk existed. Plaintiffs must show that Defendants actually drew the inference of a substantial risk. Based on the summary judgment evidence, it is not obvious that head injury was a substantial risk. Therefore, Plaintiffs fail to meet the first prong of the deliberate indifference analysis. Varying degrees of head injuries exist from a minor bump on the head to a major cut. Minor head injuries do not necessarily require a trip to the hospital. Defendants' knowledge of a hematoma or bump on the head does not prove substantial indifference Plaintiffs have failed to show that bump on the head or even a hematoma requires always hospitalization.

Plaintiffs further argue Defendants should have intuited substantial risk of serious harm because Fletcher told Defendants he was punched and being punched is a mechanism for head trauma. However, awareness that Fletcher was punched does not indicate Fletcher needed to go to the hospital. Plaintiffs did not provide evidence showing Defendants were aware Fletcher was recently punched *in the head*.[17] A person merely stating they were punched does not, on its own, demonstrate a mechanism for head trauma. A person would at minimum need to specify *where*

[11] Pls.' Mem. Opp. Defs.' Mot. Summ. J. 12, ECF No. 167.
[12] *Id.* at 17.
[13] Defs.' Reply Pls.' Mem. Opp. Defs.' Mot. Summ. J. 8–9, ECF No. 174.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] Pls.' Mem. Opp. Defs.' Mot. Summ. J. 29, ECF No. 167.

they were punched for such an inference to be warranted. At the most, the evidence shows defendants were aware that Fletcher was punched somewhere on his body.

The body camera footage of the incident showed Defendants were aware of additional facts which indicated Fletcher was not at substantial risk of serious harm. Fletchers' ability to articulate his name, discuss a relative, and where the relative lived showed some awareness.[18] Key to Defendants awareness was Fletchers refusal to make complaints about the injury or request any kind of treatment. When the Fifth Circuit addressed the motion to dismiss, they assumed, under the motion to dismiss standard, Defendants did not treat Fletcher "despite his protestations and visible head injuries." *Kelson v. Clark*, 1 F.4th 411, 419 (5th Cir. 2021). The parties presented no evidence of requests for treatment from Fletcher at the summary judgment stage. Additionally, there is no evidence showing that Fletcher indicated serious signs of head trauma such as nausea, vomiting, of loss of consciousness. When all these facts are taken together the burden to show an inference of substantial harm being so apparent that even a laymen would recognize the substantial harm, is not met. *Rogers*, 63 F.4th at 976.

Plaintiffs' scenario does not show that Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756. On the contrary, Defendants arrived on scene to evaluate a head injury, asked Fletcher a series of questions including his name and where his sister lived.[19] Additionally, Fletcher responded "no" when asked if he was sick, if he was injured, if he had any medical problems, if he needed emergency medical services, if he needed paramedics there, and if he wanted to go to the hospital.[20]

---

[18] Pls.' App. Opp. Mot. Summ. J. Ex. B, 2:42-2:48 & 3:47-3:57, ECF No. 168.
[19] *Id.*
[20] Defs.' Mem. Supp. Mot. Summ. J. 9, ECF No. 160.

Even assuming Defendants saw a bump, or hematoma, and dried blood on Fletcher's head, Defendants had to make a judgment call on the severity of the injury. *Auguillard v. Toce*, Civil Action No. 14-394-JJB-RLB, 2015 WL 5093842, at *5 (M.D. La. Aug. 27, 2015) (collecting cases) (reasoning that "a decision to refer an inmate for additional treatment, tests or evaluation is a matter of professional medical judgment that the courts will not normally second-guess in the context of a claim of deliberate medical indifference").The decision to transport Fletcher to the hospital or release Fletcher to prison included knowledge of the injury and knowledge of Fletchers own words stating he did not need treatment. Ultimately, this is a matter of medical judgment which courts may not second guess. *Auguillard,* 14-394-JJB-RLB, 2015 WL 5093842, at *5. Therefore, this Court agrees with Defendants that they did not violate Fletcher's constitutional rights.

2. "Clearly Established" Constitutional Right

To overcome a qualified immunity defense a plaintiff must show the government official violated a clearly established right. *Cope*, 3 F.4th at 204. Our determination depends on "whether the detainee's right to treatment for serious medical needs was 'clearly established' such that every 'reasonable official would understand that what [he] is doing violates that right.'" *Baldwin*, 964 F.3d at 326 (quoting *Creighton*, 483 U.S. at 640). We must be able to point to controlling authority which defines the contours of the right in question with a high degree of particularity to answer the question in the affirmative. *Kelson*, 1 F.4th at 420–21.

The Fifth Circuit already analyzed this question during the motion to dismiss stage; no case could be more on point. *See id*. Plaintiffs argue such a ruling controls the outcome in this motion.[21] Defendants counter that the Fifth Circuit ruled on a Motion to Dismiss which has a different fact finding standard than summary judgment, therefore their ruling is not necessarily controlling.[22]

[21] Pls.' Mem. Opp. Defs.' Mot. Summ. J. 38, ECF No. 167.
[22] Defs.' Reply Pls.' Mem. Opp. Defs.' Mot. Summ. J. 21–22, ECF No. 174.

Defendants are correct that Fifth Circuit's holding during the motion to dismiss stage, where all facts pled are assumed true does not necessarily control when additional facts are presented at later stages. *See e.g.*, *Lockheed Martin Corp. v. Network Sols., Inc.*, 141 F. Supp. 2d 648, 654 (N.D. Tex. 2001); *see also Loumar, Inc. v. Smith*, 698 F.2d 759 (5th Cir. 1983) (stating the law of the case doctrine is a rule of convenience and utility and yields to adequate reason). However, in this case the Fifth Circuit's statement that "[i]t is undisputed that, at the time Clark and Cox allegedly failed to treat Fletcher, the law was clearly established that pretrial detainees have a Fourteenth Amendment right to medical care" isn't changed by the summary judgment evidence. *Kelson*, 1 F.4th at 420-421. Fletcher was still detained, Defendants were still called to treat him, and Fletcher still had the right to care. *Id.* However, as stated above, Plaintiffs failed to provide evidence showing deliberate indifference, therefore, this Court **GRANTS** Defendants' Motion for Summary Judgment.

**B. Time Barred Claim**

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Jenkins v. Tahmahkera*, 151 F. 4th 739, 747 (5th Cir. 2025) (quoting *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018)). In the state of Texas, a two-year statute of limitations governs personal injury claims. *Id*. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(b)); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). A wrongful death claim is subject to the two-year statute of limitations. *Jenkins*, 151 F.

4th at 748. "Ordinarily, an amended pleading adding a new party does not relate back to the original pleading." *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004).

Plaintiffs admit wrongful death claims are subject to a two-year statute of limitation.[23] However, Plaintiffs argue Rylie Kimbrell's claim is not time barred because the Defendants were already on notice of the death and defendants did not oppose the motion for leave to amend the complaint and add Rylie as a plaintiff.[24] Defendants argue the claims are time barred because the interaction between Fletcher and Defendants occurred on December 30, 2016 and Plaintiff Kimbrell did not bring the claim until August 1, 2019, therefore the claim is barred.[25] Defendants further argue Plaintiffs failed to cite any case law to support their argument for keeping the claim, thus the claim should be dismissed.[26] This Court agrees with Defendants.

Kimbrell brought his claim more than two years and seven months after the accrual of the claim.[27] This is well past the deadline set by the statute of limitations. Plaintiffs fail to cite a single case showing the statute of limitations does not apply to Plaintiffs adding a claim to a pre-existing suit.[28] With clear case law limiting the statute of limitations for a wrongful death claim to two years and no cited case law showing support for tolling the statute of limitations this Court has no choice but to agree with Defendants and dismiss Rylie Kimbrell's Claims as time barred. Therefore, this court **GRANTS** Defendants' Motion for Summary Judgment as to Rylie Kimbrell's claims brought after the statute of limitations expired.

---

[23] Pls.' Mem. Opp. Defs.' Mot. Summ. J. 41, ECF No. 167.
[24] *Id.* at 41-42.
[25] Defs.' Mem. Supp. Mot. Summ. J. 5–6, ECF No. 160.
[26] Defs.' Reply Pls.' Mem. Opp. Defs.' Mot. Summ. J. 25, ECF No. 174.
[27] *Id.*
[28] Pls.' Mem. Opp. Defs.' Mot. Summ. J. 41–42, ECF No. 167.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs fail to demonstrate a material issue of disputed fact to overcome Defendants Qualified Immunity Defense. Plaintiffs also fail to demonstrate a basis for keeping Rylie Kimbrell's time barred claims. Accordingly, the Court **GRANTS** summary judgment for the Defendants and **DIMISSES** the case with prejudice.

**SO ORDERED** this **October 1, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE